IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | : | Civil No. 3:14-cv-1129 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN D. ZICKEFOOSE, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jose Cristobal Cardona, an inmate currently confined at the United States Penitentiary, Big Sandy, in Inez, Kentucky. (Doc. 1). Cardona claims that his rights were violated in the context of a prison disciplinary hearing. The petition is ripe for disposition and, for the reasons that follow, will be denied.

I.  **Background**

On February 25, 2014, while incarcerated at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania, Cardona was charged in Incident Report Number 2552754 with a code 326 violation for "possession of gambling paraphernalia," a code 329 violation for "destroying government property valued less than $100," and a code 330 violation for "being unsanitary or untidy." (Doc. 1, p. 7; Doc. 5-1, Declaration of L. Cunningham, Bureau of Prisons ("BOP") Supervisory Attorney ("Cunningham Decl."), ¶ 5). A disciplinary hearing was held and the disciplinary hearing officer ultimately found that

Cardona committed the prohibited acts of "destroying, altering, or damaging government property having a value of $100.00 or less", and "possession of gambling paraphernalia." (Doc. 1, pp. 8, 10). As such, the DHO sanctioned Cardona with twenty-six (26) days disallowance of good conduct time and six (6) months loss of commissary privileges. (*Id.* at p. 10).

On April 7, 2014, Cardona filed Administrative Remedy Number 774635-R1 with the Northeast Regional Office. (Doc. 1, p. 12; Doc. 5-1, Cunningham Decl. ¶ 6; Doc. 5-1, Ex. A, p. 9, Administrative Remedy Generalized Retrieval). On April 8, 2014, Administrative Remedy Number 774635-R1 was rejected. (*Id.*). Cardona was advised that the appeal was in improper form, and he was instructed to resubmit the appeal in the proper form within ten days of the date of the rejection notice. (*Id.*).

On April 28, 2014, Cardona re-filed Administrative Remedy Number 774635-R2. (Doc. 1, p. 14; Doc. 5-1, Cunningham Decl. ¶ 6; Doc. 5-1, Ex. A, p. 15, Administrative Remedy Generalized Retrieval). On May 2, 2014, BOP officials rejected the appeal as untimely, indicating that the appeal was due by April 21, 2014. (*Id.*). The BOP Officials instructed Cardona to provide staff verification that the untimeliness was not his fault. (*Id.*). He was further advised that he may resubmit his appeal in proper form within ten days of the date of the rejection notice. (*Id.*).

Attached to the complaint and traverse is a memorandum dated May 19, 2014 that

purports to be staff verification for the improper filing of Administrative Remedy Number 774635-R2. (Doc. 1, p. 16; Doc. 8, p. 6). The memorandum states, "[y]ou may take into consideration that during Cardona's appeal time, I was unavailable to provide legal copies to inmates for one week." (Id.).

On May 27, 2014, Cardona re-filed Administrative Remedy Number 774635-R3. (Doc. 1, p. 17; Doc. 5-1, Cunningham Decl. ¶ 6; Doc. 5-1, Ex. A, p. 17, Administrative Remedy Generalized Retrieval). On May 28, 2014, BOP officials rejected the appeal as untimely, and again explained that regional appeals must be received within twenty days of the DHO report, including mail time. (Id.). The BOP Officials instructed Cardona to provide staff verification that the untimeliness was not his fault. (Id.). He was further advised that he may resubmit his appeal in proper form within ten days of the date of the rejection notice. (Id.).

There is no record that Cardona filed any other administrative remedies concerning the claims raised in the present habeas petition.

The instant petition was filed on June 12, 2014. (Doc. 1). Cardona acknowledges that he has not exhausted the available administrative remedies. (Id. at p. 5). He states that he "attempted to exhaust ad-remedy. However, the appeals were repeatedly rejected for the most trivial of rules violations designed or intended to trip petitioner up resulting in the obstruction of exhaustion." (Id.).

## II. Discussion

### A. Exhaustion

Respondent argues that the petition should be denied based on Cardona's failure to comply with the BOP's administrative review process. (Doc. 5, pp. 2-5). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. See *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury"); *Carling v.*

*Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 5-1, Declaration of L. Cunningham, BOP Supervisory Attorney ("Cunningham Decl."), ¶ 3, citing 28 C.F.R. §§ 542.10, *et seq.*). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the DHO's written report. (*Id.* at ¶ 4, citing 28 C.F.R. § 542.14(d)(2)). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. (*Id.* at ¶ 3, 28 C.F.R. § 542.15(a)). This is the inmate's final available administrative appeal.

In the instant matter, Cardona filed his initial administrative remedy to the Northeast Regional Office. The appeal was rejected because it was submitted in improper form. (Doc. 5-1, ¶ 6; Doc. 5-1, Ex. A, p. 9, Administrative Remedy Generalized Retrieval). Cardona was advised that he "must submit 4 continuation pages, 1- original and 3 copies." (Doc. 5-1, Ex. A, p. 9, Administrative Remedy Generalized Retrieval). Thereafter, Cardona re-filed Administrative Remedy Number 774635-R2, however it was rejected as untimely.

(*Id.*). BOP Officials instructed Cardona to provide staff verification that the untimeliness was not his fault. (*Id.*). Cardona re-filed Administrative Remedy Number 774635-R3. (*Id.*). It appears that Cardona provided the Regional Office with a staff memorandum dated May 19, 2014. (Doc. 1, p. 16; Doc. 8, p. 6). The administrative remedy was once again rejected as untimely, and BOP officials again instructed Cardona to provide verification that the untimeliness was not his fault. (*Id.*). Cardona never appealed to the Central Office.

Cardona stopped the appeal process before completion and did not reach the appeal to the BOP General Counsel, which would have been his final administrative appeal. 28 C.F.R. § 542.15. Instead, Cardona filed the instant petition. However, the staff memorandum referenced in Cardona's complaint and traverse implies that the improper filing and delay in this case may be attributable to factors beyond the inmate's control. Review of this memorandum begs the question of whether Cardona's effort to obtain staff verification demonstrates reasonable diligence within the ambit of 28 C.F.R. § 542.15(a). The Regional Office failed to address the staff memorandum and, furthermore, Respondent has not addressed the staff memorandum. Accordingly, the Court will err on the side of caution, and will not deny the petition based on failure to exhaust.

B. <u>Successive Petition</u>

Respondent also argues that the petition should be denied as a successive petition. (Doc. 5, pp. 5-7).

6

Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) *successive claims* that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an *abuse of the writ*; or (c) *procedurally defaulted claims* in which the petitioner failed to follow applicable state procedural rules in raising the claims", unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992) (citations omitted) (emphasis in original). The government bears the burden of pleading abuse of the writ. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *Zayas v. I.N.S.*, 311 F.3d 247, 254 (3d Cir. 2002). The burden to disprove abuse then becomes the petitioner's, who must make a "colorable showing of factual innocence." *Furnari v. Parole Com'n*, 531 F.3d 241, 251 (3d Cir. 2008).

The instant petition filed on June 12, 2014 presents a challenge to a disciplinary hearing that was previously raised by Cardona in a prior habeas petition filed on May 19, 2014. *See Cardona v. Zickefoose*, Civil No. 3:14-cv-951 (M.D. Pa.). A review of the petition in Case Number 3:14-cv-951 reveals that Cardona challenged Incident Report Number 2552754, the very same incident report challenged in the present petition. (*Id.* at Doc. 1, p. 4).

Acknowledging that this claim has been raised in a previous petition, Cardona argues in his traverse that his present petition should not be considered a successive

7

petition because the prior petition was not yet adjudicated on the merits. (Doc. 8, p. 2). However, subsequent to the filing of Cardona's traverse, the Court has ruled on the previous petition and rendered a decision on the merits. *See Cardona v. Zickefoose*, Civil No. 3:14-cv-951 (M.D. Pa.) at (Docs. 13, 14). Accordingly, the instant petition will be denied as a successive petition. *See Queen v. Federal Bureau of Prisons*, 179 F. App'x 838, 839 (3d Cir. 2006) ("Because the successive [§ 2241] petition constitutes an abuse of the writ, ... the District Court correctly dismissed the habeas petition.").

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied as a successive petition pursuant to the abuse of writ doctrine. An appropriate order will issue.

Date: May 17, 2016

Robert D. Mariani
United States District Judge